[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION
The defendant has moved to modify the original order of child support, entered in the Florida court, for Thirty ($30.00) Dollars per week for the one minor child of the parties.
The plaintiff is self-employed, and has had two (2) additional minor children of his second marriage. He visits the minor child of the first marriage on a consistent basis. His claim is that the defendant and her current husband, along with her adult child and grandchild, live off unemployment compensation, Supplemental Security income, and AFDC, all to the detriment of the minor child. He claims that any increase in child support will further encourage the defendant and her nuclear family to continue in that course. He does not move for change of custody, in that he acknowledges the relationship between son and mother.
The defendant claims that the plaintiff should go out and get a job, so that his income is reportable and provable. The defendant claims that the plaintiff has been living well with his second family because of the Florida court order.
The parties demonstrated clear animosity to each other in the courtroom. They both appeared pro se. The court insisted that they both report the "family" income, and list all household expenses, so that the court could adequately assess their claims.
The court finds that there has been a substantial change in circumstances. The plaintiff has had the ability to attempt to begin his own business, while caring for the two small children of the second marriage, while his current wife is employed outside the home. He has the ability to contribute more to the well-being of his child from his first marriage.
The court orders that the plaintiff pay to the defendant the sum of Fifty-two ($52.00) Dollars per week as current child support. The court did not take into account any value for housing, which appears to be part of the plaintiff's "compensation", in light of the fact that there was no evidence to support the value. The CT Page 3428 defendant cannot expect all of the support for the child to come from the plaintiff. She is also responsible for that support.
Both parties must understand that they need to provide the best that they can to their child. Their own life choices and circumstances have created some adversity for their child in the form of poverty. However, they do not need to continue to emotionally impoverish their child. They need to develop a sense of cooperation to foster her potential. They both need to be involved in her growth. They both need to understand that their support will only contribute to her well-being later on in life. The parents must understand that their continued criticism of each other will only prevent her from becoming the best person she can become. That is their job as parents. To that end, the court will order them to participate in the Parenting Education Program. Neither party will be able to afford the program, so they have the permission of the court to attend without cost.
The parties are to communicate with each other concerning the time of visitation, and are to agree and maintain those time schedules for visitation. If visitation cannot be exercised, the plaintiff must call the defendant within twenty-four (24) hours if he is unable to exercise visitation. The court hopes that the court orders and the Parenting Education Program will assist these parties in understanding their responsibilities to their daughter.
DRANGINIS, J.